NATIONAL COUNCIL OF THE KNIGHTS AND LADIES OF SECURITY v. SEALEY.

(Court of Civil Appeals of Texas. Texarkana. Dec. 26, 1913. On Motion for Rehearing Jan. 8, 1914.)

1. INSURANCE (§ 825*) — LIFE INSURANCE — MISREPRESENTATION.

Where an applicant for membership in a fraternal insurance order denied ever having inflammatory or acute rheumatism, and it appeared that some time previous to his death he had been afflicted with lumbago, or rheumatism of his back muscles, his answer could not be held as a matter of law a misrepresentation under the laws of the order providing that misrepresentations should defeat any recovery.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2009; Dec. Dig. § 825.*]

2. INSURANCE (§ 818*) — FRATERNAL INSURANCE—ACTIONS—EVIDENCE.

In an action on an insurance certificate issued by a fraternal order, evidence that, at the time of the application, insured made a full statement to the medical examiner of the order as to his previous affliction with muscular rheumatism, is admissible to show that he did not make any misrepresentation when he denied ever having had acute or inflammatory rheumatism.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 2003–2005; Dec. Dig. § 818.*]

3. APPEAL AND ERROR (§ 1151*)—DETERMINATION—REVERSAL.

In an action on a fraternal insurance policy, amounting to $1,000 where it expressly provided that the insurer might retain $50 out of each $1,000 for the purpose of constituting a special fund, a judgment which provided for recovery of the full amount of the policy need not be reversed, but will be reformed on appeal so as to allow the reduction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4498–4506; Dec. Dig. § 1151.*]

On Motion for Rehearing.

4. INSURANCE (§ 723*) — FRATERNAL INSURANCE—MISREPRESENTATION.

Under Rev. Civ. St. 1911, art. 4834, providing that all benefit certificates shall be noncontestable on account of any representation made by the applicant, unless such representation shall be material to the risk assumed, a denial that the applicant had been treated by a physician for any constitutional disease or injury within five years cannot be held as a matter of law a representation material to the risk assumed, where it appeared that he had only been given electric treatments for a stiff back.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1859–1865; Dec. Dig. § 723.*]

Appeal from District Court, Hunt County; R. L. Porter, Judge.

Action by Jennie V. Sealey against the National Council of the Knights and Ladies of Security. From a judgment for plaintiff, defendant appeals. Affirmed.

Crosby, Hamilton & Harrell, of Greenville, for appellant. Evans & Carpenter, of Greenville, for appellee.

HODGES, J. This is a suit instituted by the appellee to recover the sum of $700 alleged to be due upon a policy of insurance issued on the life of her husband, Allen B. Sealey. The appellant is a fraternal and mutual benefit association composed of subordinate lodges and a supreme lodge called the National Council. It has a subordinate lodge, or local council, at Greenville, Tex. In January, 1911, A. B. Sealey was admitted as a member of that council, and there was issued to him a policy insuring his life in the sum of $1,000 for the benefit of his wife. The policy contained a provision limiting the amount payable to 70 per cent. of the face of the policy if the insured died after the expiration of six months and within twelve months from the date of his membership. The policy also contained this further provision: "It is herein further provided that for the purpose of creating and maintaining a reserve fund, on the death of the said member the National Council shall retain fifty dollars of each one thousand dollars of this certificate, less one dollar per thousand for each year this certificate shall remain in force." As the consideration for the issuance of this certificate of insurance, Sealey agreed to pay monthly the sum of $1.65. He died on October 2, 1911. As a defense to this action appellant pleads that Sealey had failed to make his monthly payments as required by the laws of the order, and had made certain false statements in his application for membership concerning his previous health and the attention which had been given him by a physician. This appeal is from a verdict and judgment in favor of the appellee for the sum of $700.

It is contended that the evidence was insufficient to support the verdict of the jury, upon the ground that it was conclusively shown that Sealey had defaulted in the payment of his September dues, and according to the laws of the order his policy was void at the time of his death. This issue was submitted to the jury under appropriate instructions, and the verdict involves a finding against the appellant. While the evidence upon this point is somewhat meager, we are not prepared to say that it is not sufficient to support the finding of the jury. We think the objections here made by the appellant to those portions of the charge wherein the court submitted the particular facts upon which the payment of Sealey's dues depended

are not tenable, and those assignments are overruled.

[1] It is also contended that Sealey made certain false statements in his application for membership, and the following questions and answers are referred to: "Q. Have you had acute or inflammatory rheumatism? A. No. Q. Have you had any illness, constitutional disease, or injury during the past five years requiring the services of a physician or surgeon? A. No." These questions and answers appeared in the application which was presented to and attested by the medical examiner of the order. The testimony showed that Sealey died of acute Bright's disease. It was shown by his family physician, Dr. J. A. Smith, that he (Smith) attended Sealey during his last illness. The witness also testified that he had treated Sealey for about 30 days for muscular rheumatism about four years prior to his death; that the disease was what some people would call lumbago, the muscles of his back being affected; that Sealey was treated exclusively by electricity, and came to the office of witness for that purpose. He further testified that Sealey's condition at that time was one of chronic rheumatism. There was other testimony tending to show that muscular rheumatism is a symptom rather than a disease; that it is somewhat akin to inflammatory rheumatism; that both are produced by the same cause. One affects the muscles, and the other the joints. Section 88 of the laws of the appellant order is as follows: "In case any person shall make false representations in his application or medical examination for membership either as to his physical or mental health or condition, age, or family history, or as to any other fact, or shall conceal any of his personal habits that are in violation of the laws of the order, or shall conceal any other fact affecting the risk, neither such person nor his beneficiary or beneficiaries shall be entitled to receive any benefits by reason of a beneficiary certificate having been issued to him." It is insisted by appellee that the statement made by Sealey in his answer, that he had never had acute or inflammatory rheumatism, was true according to the testimony of his physician. We are of the opinion that the evidence bearing upon that question was not such as to authorize us to hold as a matter of law that muscular rheumatism, such as that with which Sealey is said to have been afflicted four years prior to his death, is the same as that which is referred to as acute rheumatism in the application.

[2] It is also urged by appellee that Sealey made a full and candid statement of his condition to the medical examiner at the time his application was presented. Dr. J. A. French, who was at the time the medical examiner, and who was appointed by the National Council to act in that capacity, testified that Sealey told him about his previous affliction with muscular rheumatism and of his having been treated by Dr. J. A. Smith. This testimony was objected to by the appellant. We think the evidence was correctly admitted, in view of the position held by Dr. French. As supporting that ruling, we refer to the case of Supreme Lodge, etc., v. Jones, 143 S. W. 247. Sealey appears to have acted candidly in stating to the representative of the appellant his physical condition, and to hold that the answer which was given in connection with the explanation made by Sealey is ground for annulling the policy of insurance would be to invoke a legal technicality for the purpose of defeating a meritorious claim.

[3] It is further objected that the judgment is excessive in that the jury found, and the court rendered, a judgment for the amount of $700, while the policy stipulated that $50 might be retained for the purpose of constituting a special fund. We think that objection is well taken. It is unnecessary, however, to reverse and remand the case in order to correct that error; and the judgment will therefore be reformed so as to allow the deduction provided for, and as reformed will be affirmed.

The costs of this appeal will be taxed against appellee.

## On Motion for Rehearing.

[4] In its motion for rehearing the appellant calls attention to the fact that the insured made a false answer to a question not referred to in the original opinion. That question was as follows: "Have you had any illness, constitutional disease, or injury during the past five years requiring the services of a physician or surgeon?" To this question the insured answered, "No." It is claimed that the undisputed evidence shows that this answer was false. It is insisted that article 4959 of the Revised Civil Statutes of 1911, which provides that no recovery upon any life, accident, or health insurance policy shall be defeated because of any misrepresentation in the application which is of an immaterial fact and which does not affect the risk assumed, does not apply. That may be true; but article 4834, which refers to fraternal beneficiary associations, does apply and should be considered in determining what disposition should be made of this assignment. That provision is as follows: "All benefit certificates shall from the date of their issuance be noncontestable on account of any statement or representation made by said applicant for membership, either in his application or otherwise, or his medical examination, unless such representation shall be material to the risk assumed; and the burden of proof shall be upon the defendant to affirmatively establish such defense." The above is a part of the act of 1909, which was in effect at the time this policy was written. We cannot say as a matter of law that the

misrepresentation referred to was material to the risk assumed. The motion for rehearing is therefore overruled.